IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anthony Hill | ) |
|     Plaintiff, | ) ) ) ) Civil Action No. |
| v. | ) ) JURY TRIAL DEMANDED |
| Cook County, Thomas J. Dart, Willie Lewis, Robert Bonakowski, Matthew Cobble, Nicholas Bohlsen, Michael Contreras, Brian Toro, James Holmes, Peter Chico, Leon Marmal, Daniel Moreci, Crystal Spivey, Clarence Lacy, John Does 1-20. | ) ) ) ) ) ) ) |
|     Defendants. | ) ) |

**COMPLAINT**

**JURISDICTION & VENUE**

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

**PLAINTIFF**

3. Plaintiff Anthony Hill is an adult now domiciled at 15 Cedar Court, Calumet City, IL, 60609. Plaintiff was at the times mentioned herein a detainee in the custody of the Cook

County Department of Corrections. At the times mentioned herein the plaintiff was confined in Cook County Jail, at 2700 S. California Avenue, Chicago, Illinois.

## DEFENDANTS

4. Defendant Cook County is a duly incorporated governmental entity in Illinois. Cook County, through the Cook County Sheriff's Office, runs the Cook County Jail and has a legal responsibility to ensure that the jail is operated in compliance with the United States Constitution. Cook County also runs the health service for detainees at Cook County Jail under the name "Cermak Health Services of Cook County." Cook County is or was the employer of the individual defendants and is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/9-102, 55 ILCS 5/46-3 and 5-1106.

5. Defendant Thomas J. Dart was the Sheriff of Cook County during these events. At the times described herein he was legally responsible for the overall operation of the Cook County Jail including hiring, training, and supervising correctional officers and maintaining the safety of detainees. Defendant Dart is being sued in his official capacity.

6. Defendant Willie Lewis is a Correctional Officer of the Cook County Department of Corrections, who at all times mentioned in this complaint was assigned to Cook County Jail.

7. Defendant Robert Bonakowski is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

8. Defendant Matthew Cobble is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

9. Defendant Nicholas Bohlsen is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

10. Defendant Michael Contreras is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

11. Defendant Brian Toro is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

12. Defendant James Holmes is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

13. Defendant Peter Chico is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

14. Defendant Leon Marmal is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

15. Defendant Daniel Moreci is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

16. Defendant Crystal Spivey is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

17. Defendant Clarence Lacy is a Correctional Medical Technician who at all times mentioned in this complaint worked at Cermak Health Services of Cook County.

18. Defendant Does 1 through 20 were at all times relevant employees of Cook County, either at the Cook County Jail or at Cermak Health Services. Does 1 through 10 were involved in incidents in which excessive force was used on plaintiff Hill. Does 11 through 20 were responsible for ensuring that adequate medical care was provided to plaintiff Hill. The names of Does 1 through 20 are not now known by plaintiff.

19. The defendants named in paragraphs 6-18 are being sued individually.

20. At all times mentioned in this complaint each and every defendant acted under the color of state law.

## **FACTS**

### **General**

21. The Cook County Jail is a facility operated by the Cook County Sheriff's Office, directed by the Cook County Sheriff, defendant Dart.

22. On information and belief, use of excessive force by Cook County Jail guards against detainees is widespread and has become an entrenched and accepted part of the culture of the Correctional Officers. Guards frequently administer beatings to detainees, not for any legitimate purpose, but simply to punish them or to retaliate for detainees' complaints. Inmates who get on the "wrong side" of guards may be subject to repeated beatings, many of which result in severe injuries.

23. On information and belief, the guards who administer these beatings are rarely disciplined for their conduct, or even investigated. It is common knowledge that Cook County

4

Jail guards can use excessive force on detainees with impunity, counting on a "code of silence" to ensure that their misconduct never sees light of day.

24. On information and belief, denial of proper medical care by Cermak Health Services is also very common. In particular, there are no incentives for medical personnel at Cermak to treat inmates' injuries from excessive force promptly and adequately, or to document the injuries appropriately. Instead, Cermak employees often refuse treatment and falsify or omit documentation of medical care;

25. A Justice Department report has described the problems listed above regarding the *de facto* policies of Cook County Jail and its employees towards excessive force and medical care. *See* Letter from Patrick J. Fitzgerald, U.S. Att'y Gen., & Grace C. Becker, Assistant U.S. Att'y Gen., to Todd H. Stroger, Cook County Bd. President, & Thomas Dart, Cook County Sheriff (July 11, 2008) (*available at* http://www.justice.gov/usao/iln/pr/chicago/2008/pr0717_01a.pdf) (hereinafter referred to as "U.S. Att'y Gen. Report of July 11, 2008"). The U.S. Att'y Gen Report of July 11, 2008 is hereby incorporated by reference in its entirety as if fully set forth herein.

### Facts Directly Involving the Plaintiff Anthony Hill

26. On November 5, 2009 at approximately between and 12:00 and 12:30 PM, Correctional Officers Lewis and Bonakowski entered Hill's cell in Tier 2H of the Ninth Division of the Cook Country Jail. The plaintiff was inside the cell and was lying in his bed.

27. Correctional Officers Lewis and Bonakowski pulled the plaintiff out of his bed onto the floor of the cell and demanded that plaintiff stand up. When Hill complied, Correctional Officer Lewis struck the plaintiff in his right abdomen with sufficient force to knock him to the ground.

28. Correctional Officers Lewis and Bonakowski then drug the plaintiff out of his cell and repeatedly punched and kicked him until he lost consciousness.

29. Hill regained consciousness while facedown on the floor in the dayroom area of the Tier, where Correctional Officers Lewis and Bonakowski along with at least one other Correctional Officer were holding onto Hill. Hill was then placed in handcuffs while face down on the floor. At one point Hill's wrist was twisted violently, causing him severe pain. Sargent Cobble later began to hold onto Hill's legs.

30. An Officer then twisted the plaintiff's left leg in a manner that caused such significant trauma that plaintiff heard an audible "pop" and experienced severe pain. The Correctional Officers had also hurt the plaintiff's nose in addition to causing significant trauma to the plaintiff's right abdomen, shoulder and wrist.

31. Hill had trouble walking at this point due to his serious injuries. Medical Technician Lacy saw Hill in the dispensary of the Jail. Rather than providing substantial medical care, Lacy called Hill a profane slur, stated that guards should have killed the plaintiff and handed Hill a defective ice pack.

32. The Correctional Officers then brought Hill through an underground tunnel until reaching Cermak Health Services of Cook County. At this time the Plaintiff was compliant with all orders given by the Correctional Officers.

33. Due to a shift change, Correctional Officers Bohlsen, Contreras, Toro, Chico, & Holmes then took over for the previous Officers. While Hill was waiting for medical care, the Officers began punching and kicking Hill. A currently unidentified member of the Cermack medical staff then told the Officers to "get him out of here." The Officers than removed the plaintiff from the medical area.

34. At this point, the plaintiff could hardly walk due to his serious injuries. The Correctional Officers initially carried the plaintiff back to the Cook County Jail and ultimately had to place him on a cart for transport.

35. The plaintiff suffered a variety of serious injuries from the incident. In particular, the plaintiff suffered an injured nose and ribs, a significantly damaged left leg, and had severe pain in his head, left wrist, back and abdomen. Hill had blood in his urine for weeks afterward. Hill continues to suffer from headaches related to the head trauma over a year after the beatings. The plaintiff could not stand or walk beyond brief periods due to the serious damage to his left leg. Hill also had difficulty breathing and sleeping because the constant level of pain from these injuries.

36. The plaintiff informed numerous Correctional Officers about his severe pain and suffering as well as his need for medical treatment, including at least Correctional Officers Marmal, Morcei, and Spivey. These requests were ignored. Requests for a cane to help the plaintiff stand and walk with his injured left leg were also ignored.

37. On November 14, the plaintiff informed Correctional Officer Marmal of his need for medial attention. Hill explicitly described his inability to walk properly due to the serious injury to his left leg. This request was ignored.

38. On November 19, Correctional Officer Moreci ignored further requests for medical attention.

39. On November 29, the plaintiff informed Correctional Officer Spivey of his need for medical care. Plaintiff described his difficulties walking, the continuing pain in his ribs and nose and informed Spivey that he still had blood in his urine.

7

40. More than two months after the incident the plaintiff was moved to a medical unit to undergo physical therapy ordered by a doctor to help repair the damage to his left leg. The plaintiff only received one day of physical therapy before his transfer to Centralia Correctional Facility.

## EXHAUSTION OF LEGAL REMEDIES

41. Plaintiff Anthony Hill used the grievance procedure available at Cook County Jail to try to address these problems. On November 8, 2009; November 20, 2009; December 2, 2009; and January 1, 2010 plaintiff Anthony Hill presented facts relating to this complaint. *See* Exhibit A ("Grievance Filed on 11-8-09"); Exhibit B ("Grievances Filed on 11-20-09 & 12-2-09"); and Exhibit C ("Grievance Filed on 1-1-10"). The filed grievances are hereby incorporated by reference in their entirety as if fully set forth herein. On December 10, 2009, plaintiff appealed the lack of response to his previously filed grievances.

42. The Appeal Board's response to Plaintiff's appeals was mailed to Plaintiff at the Illinois Department of Corrections Facility in Robinson, IL on March 10, 2010.

## LEGAL CLAIMS

### COUNT I

**Section 1983 Claim for Excessive Use of Force**

43. Plaintiffs realleges and incorporates by reference paragraphs 1 – 42.

44. Defendants Lewis, Bonakowski, Cobble, Bohlsen, Contreras, Toro, Holmes, Chico, and Does 1-10 have used force against plaintiff Hill that was not in a good faith effort to maintain or restore discipline. The force used was a willful, excessive, unnecessary and wanton

8

infliction of physical harm. Their conduct violated plaintiff's rights under the Eighth and/or Fourteenth Amendments.

45. Defendants' conduct was willful, wanton, malicious and in reckless disregard of plaintiff Hill's rights.

46. Hill has exhausted his administrative remedies regarding the incidents described herein for which he seeks damages.

47. Hill has been seriously injured by defendants' use of excessive force and the custom, policy and practice of defendants Cook County and Dart of condoning or encouraging the use of excessive force.

## COUNT II

### Section 1983 Claim for Inadequate Access To Medical Care

48. Plaintiff realleges and incorporates by reference paragraphs 1-47.

49. Defendants Moreci, Spivey, Lacy, Marmal and Does 11-20 have deprived Hill of access to adequate medical care in violation of his Eighth and/or Fourteenth Amendment rights.

50. The defendants have displayed a deliberate indifference towards the serious medical needs of the Hill and failed to act in a manner that would have prevented additional pain and injury, proximately causing him to suffer damages.

51. Hill has exhausted his administrative remedies.

52. Defendants' conduct was willful, wanton, malicious and in reckless disregard of plaintiff Hills's rights.

53. Hill has suffered pain and injuries that were a direct and proximate result of the defendants conduct.

## COUNT III

### Assault

54. Plaintiff realleges and incorporates by reference paragraphs 1-53.

55. In acting in the manner described above, defendants Lewis, Bonakowski, Bohlsen, Contreras, Toro, Holmes, Chico, and Does 1-10 intentionally and unlawfully offered to commit corporal injury on the plaintiff by force, or force unlawfully directed, under such circumstances as to create a well- founded fear of imminent peril.

56. The defendants had the apparent present ability to effectuate the attempt if not prevented.

57. By the foregoing acts, the defendants assaulted plaintiff Hill.

58. The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff's rights.

59. The plaintiff has been injured by the defendants' conduct.

## COUNT IV

### Battery

60. Plaintiff realleges and incorporates by reference paragraphs 1-59.

61. In acting in the manner described above, defendants Lewis, Bonakowski, Bohlsen, Contreras, Toro, Holmes, Chico, and Does 1-10 willfully touched the plaintiff without his consent.

62. By the foregoing acts, the defendants battered the plaintiff.

63. The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff's rights.

64. The plaintiff has been injured by the defendants' conduct.

10

## COUNT V

### Intentional Infliction of Emotional Distress

65. Plaintiff realleges and incorporates by reference paragraphs 1-64.

66. Defendants Lewis, Bonakowski, Bohlsen, Contreras, Toro, Holmes, Chico, and Does 1-10 used malicious and excessive force against the plaintiff without adequate justification, harassed him, threatened him, denied him adequate medical attention, and deliberately caused him to fear for his physical safety and well-being.

67. The conduct of the defendants was extreme and outrageous. The defendants either intended to inflict emotional distress on plaintiff when engaging in this conduct, or knew that there was a high probability that their conduct would cause emotional distress.

68. The defendants' conduct caused the plaintiff to suffer severe emotional distress that no reasonable person could be expected to endure. As a result, the plaintiff has been injured.

69. The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff's rights.

## COUNT VI

### Section 1983 *Monell* Claim Against Cook County & Dart for Failure to Properly Instruct, Supervise, Prevent the Use of Excessive Force and Provide Adequate Health Care

70. Plaintiff realleges and incorporates by reference paragraphs 1-69.

71. The use of excessive force was also a result of the Dart's systematic failure to train, monitor, supervise, investigate and discipline Cook County Jail personnel, inadequate policies, and systematic failure to enforce those policies.

72. The persistent and widespread use of excessive force by Cook County Jail personnel constitutes a custom and practice, of which defendant Dart had actual and constructive notice.

73. Defendant Dart has been deliberately indifferent in failing to remedy the problem. Through his indifference and failure to act, Cook County and Sheriff's Office policymakers and officials have condoned and encouraged the continued use of excessive levels of force in the Cook County Jail.

74. On information and belief, the defendants have a custom, policy, or practice, of failing to provide adequate medical care to detainees at the Cook County Jail, including the plaintiff. Defendant Dart, on information and belief, has actual and constructive notice of this custom, policy, or practice, and have been deliberately indifferent in failing to remedy the problem.

75. Sheriff Dart officially sanctioned, approved or authorized the unconstitutional policies instituted by the Cook County Jail and Cermak Health Services, and were deliberately indifferent to the medical needs of inmates and detainees.

76. Sheriff Dart, through various Officers and employees, and by way of their respective policies, practices, and customs, has exhibited deliberate indifference toward the needs of detainees and inmates by failing to facilitate necessary medical treatment; said defendants have failed to supervise, train and hold accountable their respective agents and employees and act consistent with policies and procedures.

77. At all times relevant herein, Sheriff Dart knew that his officers and employees failed to follow policies and procedures, including medical guidelines and procedures designed

to protect injured detainees, and used unreasonable and unjustified force against detainees by deliberately refusing to provide medical attention, and condoned that practice.

78. The actions of the Sheriff Dart, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of Sheriff Dart.

79. At all times material to this complaint, Sheriff Dart and his respective officers, agents, and deputies, and pursuant to its policies and practices, had interrelated *de facto* policies, practices, and customs which included, *inter alia*:

    a. failing to thoroughly investigate claims of excessive force and rarely punishing the guards responsible;

    b. failing to remove officers from assignments in which they come in contact with detainees while they are being investigated for serious charges such as the use of excessive force;

    c. a code of silence wherein officers, deputies, agents, and employees fail to intervene and remain silent, idly standing by and ensuring that use of such excessive force continues;

    d. failing to provide protection or incentives for employees who are witnesses to excessive force to cooperate with investigations by telling the truth about what they saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force;

    e. failing to provide reasonable, timely medical attention to detainees and inmates, and those jailed and/or accused;

    f. failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control personnel such that they could identify detainee/inmate

medical needs and act appropriately and humanely;

g.      a code of silence wherein officers, deputies, agents, and employees fail to intervene and remain silent, idly standing by and ensuring that such deliberate indifference to the medical needs of detainees and inmates continues.

80.     Sheriff Dart had a widespread practice or custom of denial and/or inordinate delay in providing medical treatment to inmates and pretrial detainees, which herein caused proximate harm to Hill.

81.     Defendants were deliberately indifferent to detainees with serious medical needs such as Hill.

82.     Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and were separately and together a direct and proximate cause of the unconstitutional acts and the injuries suffered by Hill.

## COUNT VII

### Statutory Indemnification (Against Cook County)

83.     Plaintiff realleges and incorporates by reference paragraphs 1-82.

84.     Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/46-3 and 5-1106, defendant Cook County is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as defendant Dart or his deputies acting within the scope of their employment, is found liable.

85. Defendant Cook County is liable for any judgment entered against any of the currently named or unnamed defendants that are employees at the Cook County Jail or Cermak Health Services for compensatory damages and for the associated attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

A. Compensatory damages against each defendant in an amount to be determined by the plaintiff for his individual injuries, jointly and severally against the defendants.

B. Punitive damages in an amount to be determined by the plaintiff, jointly and severally against the defendants.

C. A jury trial on all issues triable by jury.

D. Plaintiff's costs and reasonable attorney's fees in this suit.

E. Any additional relief this court deems just, proper, and equitable.

Dated: March 6, 2012                                         Respectfully submitted,

/s/ Binal J. Patel
Binal J. Patel, Esq.
BANNER & WITCOFF, LTD.
Ten South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone: (312) 463-5000
Fax: (312) 463-5001
E-mail: bpatel@bannerwitcoff.com

*Attorney for Anthony Hill*