**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 1640 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Suzanne B. Conlon |
| THOMAS DART, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

NOW COMES Defendants, Sheriff Thomas Dart, Clarence Lacy, Assistant Executive Director ("AED") Daniel Moreci, Lieutenant Leon Marmol, Sergeants Matthew Cobble and James Holmes, and Officers Willie Lewis, Robert Bonakowski, Nicholas Bohlsen, Michael Contreras, Brian Toro, Peter Chico, Crystal Spivey, and Cook County, by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney Aaron R. Bond, and Answer Plaintiff's Complaint as follows:

## JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

**ANSWER:** Defendants admit that jurisdiction is proper.


2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

**ANSWER:** Defendants admit that venue is proper.

## PLAINTIFF

3.   Plaintiff Anthony Hill is an adult now domiciled 15 Cedar Court, Calumet City, IL 60609.
Plaintiff was at the times mentioned herein a detainee in the custody of the Cook County Department
of Corrections. At the times mentioned herein the plaintiff was confined in Cook County Jail, at 2700
S. California Avenue, Chicago, Illinois.

   **ANSWER:** Defendants admit the contents of paragraph 3.

## DEFENDANTS

4.   Defendant Cook County is a duly incorporated governmental entity in Illinois. Cook County,
through the Cook County Sheriff's Office, runs the Cook County Jail and has a legal responsibility
to ensure that the jail is operated in compliance with the United States Constitution. Cook County
also runs the health service for detainees at Cook County Jail under the name "Cermak Health
Services of Cook County." Cook County is or was the employer of the individual defendants and is
liable for any judgments related to its agents and employees arising in the course of their
employment, pursuant to 745 ILCS 10/9-102, 55 ILCS 5/46-3 and 5-1106.

   **ANSWER:** Defendants admit that Cook County is a duly incorporated governmental entity in
Illinois. Defendants admit that Cook County is a necessary party for purposes of indemnification
only. Defendants deny any remaining allegations contained in paragraph 4.

5.   Defendant Thomas J. Dart was the Sheriff of Cook County during these events. At the times
described herein he was legally responsible for the overall operation of the Cook County Jail
including hiring, training, and supervising correctional officers and maintaining the safety of
detainees. Defendant Dart is being sued in his official capacity.

   **ANSWER:** Defendants admit that Thomas J. Dart was the Sheriff of Cook County during the

events complained of and that he is being sued in his official capacity. Defendants deny any remaining allegations contained in paragraph 5.

6.   Defendant Willie Lewis is a Correctional Officer of the Cook County Department of Corrections, who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Willie Lewis is and was at all times mentioned in this complaint an Emergency Response Team ("ERT") Officer at the Cook County Department of Corrections ("CCDOC").

7.   Defendant Robert Bonakowski is Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Robert Bonakowski is and was at all times mentioned in this complaint an ERT Officer at CCDOC.

8.   Defendant Matthew Cobble is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Matthew Cobble is and was at all times mentioned in this complaint an ERT Sergeant at CCDOC.

9.   Defendant Nicholas Bohlsen is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Nicholas Bohlsen was at all times mentioned in this complaint an ERT Officer at CCDOC and that he is currently a Cook County Sheriff's Police Officer.

10. Defendant Michael Contreras is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Michael Contreras is and was at all times mentioned in this complaint an ERT Officer at CCDOC.

11. Defendant Brian Toro is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Brian Toro is and was at all times mentioned in this complaint an ERT Officer at CCDOC.

12. Defendant James Holmes is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that James Holmes was at all times mentioned in this complaint an ERT Officer at CCDOC and that he is currently a Correctional Sergeant at CCDOC.

13. Defendant Peter Chico is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Peter Chico is and was at all times mentioned in this complaint an ERT Officer at CCDOC.

14. Defendant Leon Marmal is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Leon Marmol was at all times mentioned in this complaint a Correctional Sergeant at CCDOC and that he is currently a Correctional Lieutenant at CCDOC.

4

15. Defendant Daniel Moreci is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Daniel Moreci was at all times mentioned in this complaint a Superintendent at CCDOC and that he is currently an Assistant Executive Director at CCDOC.

16. Defendant Crystal Spivey is a Correctional Officer of the Cook County Department of Corrections who at all times mentioned in this complaint was assigned to Cook County Jail.

**ANSWER:** Defendants admit that Crystal Spivey is and was at all times mentioned in this complaint a Correctional Officer at CCDOC.

17. Defendant Clarence Lacy is a Correctional Medical Technician who at all times mentioned in this complaint worked at Cermak Health Services of Cook County.

**ANSWER:** Defendants admit that Clarence Lacy is and was at all times mentioned in this complaint a Correctional Medical Technician ("CMT") at Cermak Health Services of Cook County ("Cermak").

18. Defendant Does 1 through 20 were at all times relevant employees of Cook County, either at the Cook County Jail or at Cermak Health Services. Does 1 through 10 were involved in incidents in which excessive force was used on plaintiff Hill. Does 11 through 20 were responsible for ensuring that adequate medical care was provided to plaintiff Hill. The names of Does 1 through 20 are not now known by plaintiff.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. The defendants named in paragraphs 6-18 are being sued individually

**ANSWER:** Defendants admit the contents of paragraph 19.

20. At all times mentioned in this complaint each and every defendant acted under the color of state law.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

## FACTS
### General

21. The Cook County Jail is a facility operated by the Cook County Sheriff's Office, directed by the Cook County Sheriff, defendant Dart.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. On information and belief, use of excessive force by Cook County Jail guards against detainees is widespread and has become an entrenched and accepted part of the culture of the Correctional Officers. Guards frequently administer beatings to detainees, not for any legitimate purpose, but simply to punish them or to retaliate for detainees' complaints. Inmates who get on the "wrong side" of guards may be subject to repeated beatings, many of which result in severe injuries.

**ANSWER:** Defendants deny the allegations contained in paragraph 22.

23. On information and belief, the guards who administer these beatings are rarely disciplined for their conduct, or even investigated. It is common knowledge that Cook County Jail guards can use

excessive force on detainees with impunity, counting on a "code of silence" to ensure that their misconduct never sees light of day.

**ANSWER:** Defendants deny the allegations contained in paragraph 23.


24. On information and belief, denial of proper medical care by Cermak Health Services is also very common. In particular, there are no incentives for medical personnel at Cermak to treat inmates' injuries from excessive force promptly and adequately, or to document the injuries appropriately. Instead, Cermak employees often refuse treatment and falsify or omit documentation of medical care;

**ANSWER:** Defendants deny the allegations contained in paragraph 24.


25. A Justice Department report has described the problems listed above regarding the de facto policies of Cook County Jail and its employees towards excessive force and medical care. See Letter from Patrick J. Fitzgerald, U.S. Att'y Gen., & Grace C. Becker, Assistant U.S. Att'y Gen., to Todd H. Stroger, Cook County Bd. President, & Thomas Dart, Cook County Sheriff (July 11, 2008) (available at http://www.justice.gov/usao/iln/pr/chicago/2008/pr0717_01a.pdf) (hereinafter referred to as "U.S. Att'y Gen. Report of July 11, 2008"). The U.S. Att'y Gen Report of July 11, 2008 is hereby incorporated by reference in its entirety as if fully set forth herein.

**ANSWER:** Defendants admit the existence of a Department of Justice report dated July 11, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.


## Facts Directly Involving the Plaintiff Anthony Hill

26. On November 5, 2009 at approximately between and 12:00 and 12:30 PM, at least

Correctional Officers Lewis and Bonakowski entered Hill's cell in the Ninth Division of the Cook Country Jail. The plaintiff was inside the cell and was lying in his bed.

**ANSWER:** Defendants admit that on November 5, 2009 at approximately between and 12:00 and 12:30 PM, Correctional Officers Lewis and Bonakowski entered Plaintiff's cell within Division 9 of CCDOC and that Plaintiff was initially inside of his cell. Defendants deny any remaining allegations contained in paragraph 26.

27. Correctional Officers Lewis and Bonakowski pulled the plaintiff out of his bed onto the floor of the cell and demanded that plaintiff stand up. When Hill complied, Correctional Officer Lewis struck the plaintiff in his right abdomen with sufficient force to knock him to the ground.

**ANSWER:** Defendants deny the allegations contained in paragraph 27.

28. Correctional Officers Lewis and Bonakowski then drug the plaintiff out of his cell and repeatedly punched and kicked him until he lost consciousness.

**ANSWER:** Defendants deny the allegations contained in paragraph 28.

29. Hill regained consciousness in handcuffs while facedown [sic] on the floor in the dayroom area of the Tier, where Correctional Officers Lewis and Bonakowski along with at least one other Correctional Officer were holding onto Hill. Hill was then placed in handcuffs while face down on the floor. At one point Hill's wrists were twisted violently, causing him severe pain. Sergeant Cobble later began to hold onto Hill's legs.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

30. An Officer then twisted the plaintiff's left leg in a manner that caused such significant trauma

that plaintiff heard an audible "pop" and experienced severe pain. The Correctional Officers had also hurt the plaintiff's nose in addition to causing significant trauma to the plaintiff's right abdomen, shoulder and wrist.

**ANSWER:** Defendants deny the allegations contained in paragraph 30.

31. Hill had trouble walking at this point due to his serious injuries. Medical Technician Lacy saw Hill in the dispensary of the Jail. Rather than providing substantial medical care, Lacy called Hill a profane slur, stated that stated that guards should have killed the plaintiff and handed Hill a defective ice pack.

**ANSWER:** Defendants deny the allegations contained in paragraph 31.

32. The Correctional Officers then brought plaintiff through an underground tunnel until reaching Cermak Health Services of Cook County. At this time Plaintiffs was compliant with all orders given by the Correctional Officers.

**ANSWER:** Defendants admit that Plaintiff was transported through an underground tunnel until reaching Cermak Hospital. Defendants deny the allegations contained in paragraph 32.

33. Due to a shift change, Correctional Officers Bohlsen, Contreras, Toro, Chico, & Holmes then took over for the previous Officers. While Hill was waiting for medical care, the Officers began punching and kicking Hill. A currently unidentified member of the Cermack medical staff then told the Officers to "get him out of here." The Officers then removed the plaintiff from the medical area.

**ANSWER:** Defendants admit that there was a shift change while Plaintiff was in Cermak and that Officers Bohlsen and Chico relived the officers from the previous shift who had been

responsible for Plaintiff. Defendants deny any remaining allegations contained in paragraph 33.

34. At this point, the plaintiff could not walk due to his serious injuries. The Correctional Officers initially carried the plaintiff back to the Cook County Jail and ultimately had to place him on a cart for transport.

**ANSWER:** Defendants admit that Plaintiff was placed on a cart during part of his transport back to his housing unit at CCDOC. Defendants deny the allegations contained in paragraph 34.

35. The plaintiff suffered a variety of serious injuries from the incident. In particular, the plaintiff suffered an injured nose and ribs, a significantly damaged left leg, and had severe pain in his head, left wrist, back and abdomen. Hill had blood in his urine for weeks afterward. Hill continues to suffer from headaches related to the head trauma over a year after the beatings. The plaintiff could not stand or walk beyond brief periods due to the serious damage to his left leg. Hill also had difficulty breathing and sleeping because the constant level of pain from these injuries.

**ANSWER:** Defendants deny the allegations contained in paragraph 35.

36. The plaintiff informed numerous Correctional Officers about his severe pain and suffering as well as his need for medical treatment, including at least Correctional Officers Marmol, Morcei, and Spivey. These requests were ignored. Requests for a cane to help the plaintiff stand and walk with his injured left leg were also ignored.

**ANSWER:** Defendants deny the allegations contained in paragraph 36.

37. On November 14, the plaintiff informed Correctional Officer Marmol of his need for

medical attention. Hill explicitly described his inability to walk properly due to the serious injury to his left leg. This request was ignored.

**ANSWER:** Defendants deny the allegations contained in paragraph 37.

38. On November 19, Correctional Officer Moreci ignored further requests for medical attention.

**ANSWER:** Defendants deny the allegations contained in paragraph 38.

39. On November 29, the plaintiff informed Correctional Officer Spivey of his need for medical care. Plaintiff described his difficulties walking, the continuing pain in his ribs and nose and informed Spivey that he still had blood in his urine.

**ANSWER:** Defendants deny the allegations contained in paragraph 39.

40. More than two months after the incident the plaintiff was moved to a medical unit to undergo physical therapy ordered by the doctor to help repair the damage to his left leg. The plaintiff only received one day of physical therapy before his transfer to Centralia Correctional Facility.

**ANSWER:** Defendants admit that Plaintiff received medical care. Defendants deny any allegations of wrongdoing that may be contained in paragraph 40.

## EXHAUSTION OF LEGAL REMEDIES

41. Plaintiff Anthony Hill used the grievance procedure available at Cook County Jail to try to address these problems. On November 8, 2009; November 20, 2009; December 2, 2009; and

11

January 1, 2010 plaintiff Anthony Hill presented facts relating to this complaint. See Exhibit A ("Grievance Filed on 11-8-09"); Exhibit B ("Grievances Filed on 11-20-09 & 12-2-09"); and Exhibit C ("Grievance Filed on 1-1-10"). The filed grievances are hereby incorporated by reference in their entirety as if fully set forth herein. On December 10, 2009, plaintiff appealed the lack of response to his previously filed grievances.

**ANSWER:** Defendants admit that as of the filing of the above-captioned case (12 C 1640) Plaintiff had exhausted his administrative remedies pursuant to the PLRA.

42. The Appeal Board's response to Plaintiff's appeals was mailed to Plaintiff at the Illinois Department of Corrections Facility in Robinson, IL on March 10, 2010.

**ANSWER:** Defendants admit that as of the filing of the above-captioned case (12 C 1640) Plaintiff had exhausted his administrative remedies pursuant to the PLRA.

### LEGAL CLAIMS
### COUNT I
### Section 1983 Claim for Excessive Use of Force

43. Plaintiff realleges and incorporates by reference paragraphs 1-42.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-42 as if fully restated herein.

44. Defendants Lewis, Bonakowski, Cobble, Bohlsen, Contreras, Toro, Holmes, Chico and Does 1-10 have used force against plaintiff Hill that was not in a good faith effort to maintain or restore discipline. The force used was a willful, excessive, unnecessary and wanton infliction of physical harm. Their conduct violated plaintiff's rights under the Eighth and/or Fourteenth Amendments.

**ANSWER:** Defendants deny the allegations contained in paragraph 44.

45. Defendants' conduct was willful, wanton, malicious and in reckless disregard of plaintiff Hill's rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 45.

46. Hill has exhausted his administrative remedies regarding the incidents described herein for which he seeks damages.

**ANSWER:** Defendants admit that as of the filing of the above-captioned case (12 C 1640) Plaintiff had exhausted his administrative remedies pursuant to the PLRA.

47. Hill has been seriously injured by defendants' use of excessive force and the custom, policy and practice of defendants Cook County and Dart of condoning or encouraging the use of excessive force.

**ANSWER:** Defendants deny the allegations contained in paragraph 47.

## <u>COUNT II</u>
### Section 1983 Claim for Inadequate Access To Medical Care

48. Plaintiff realleges and incorporates by reference paragraphs 1-47.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-47 as if fully restated herein.

49. Defendants Moreci, Spivey, Lacy, Marmol and Does 11-20 have deprived Hill of access to adequate medical care in violation of his Eighth and/or Fourteenth Amendment rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 49.

50. The defendants have displayed a deliberate indifference towards the serious medical needs of the Hill and failed to act in a manner that would have prevented additional pain and injury, proximately causing him to suffer damages.

**ANSWER:** Defendants deny the allegations contained in paragraph 50.

51. Hill has exhausted his administrative remedies.

**ANSWER:** Defendants admit that as of the filing of the above-captioned case (12 C 1640) Plaintiff had exhausted his administrative remedies pursuant to the PLRA.

52. Defendants' conduct was willful, wanton, malicious and in reckless disregard of plaintiff Hills's rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 52.

53. Hill has suffered pain and injuries that were a direct and proximate result of the defendants conduct.

**ANSWER:** Defendants deny the allegations contained in paragraph 53.

<u>**COUNT III**</u>
<u>**Assault**</u>

54. Plaintiff realleges and incorporates by reference paragraphs 1-53.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-53 as if fully restated herein.

55. In acting in the manner described above, defendants Lewis, Bonakowski, Bohlsen, Contreras, Torres, Holmes, Chico, and Does 1-10 intentionally and unlawfully offered to commit corporal injury on the plaintiff by force, or force unlawfully directed, under such circumstances as to create a well- founded fear of imminent peril.

**ANSWER:** Defendants deny the allegations contained in paragraph 55.

56. The defendants had the apparent present ability to effectuate the attempt if not prevented.

**ANSWER:** Defendants deny the allegations contained in paragraph 56.

57. By the foregoing acts, the defendants assaulted plaintiff Hill.

**ANSWER:** Defendants deny the allegations contained in paragraph 57.

58. The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiffs rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 58.

59. The plaintiff has been injured by the defendants' conduct.

**ANSWER:** Defendants deny the allegations contained in paragraph 59.

## <u>COUNT IV</u>
### Battery

60. Plaintiff realleges and incorporates by reference paragraphs 1 -59.

**ANSWER:** Defendants restate and reincorporate their answers to paragraphs 1-59 as if fully restated herein.

61. In acting in the manner described above, defendants Lewis, Bonakowski, Bohlsen, Contreras, Torres, Holmes, Chico, and Does 1-10 willfully touched the plaintiff without his consent.

**ANSWER:** Defendants deny the allegations contained in paragraph 61.

62. By the foregoing acts, the defendants battered the plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 62.

63. The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiffs rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 63.

64. The plaintiff has been injured by the defendants' conduct.

**ANSWER:** Defendants deny the allegations contained in paragraph 64.

## COUNT V
### Intentional Infliction of Emotional Distress

65. Plaintiff realleges and incorporates by reference paragraphs 1-64.

**ANSWER:** Defendants restate and reassert their answers to paragraphs 1-64 as if fully restated herein.

66. Defendants Lewis, Bonakowski, Bohlsen,Contreras, Torres, Holmes, Chico, and Does 1-10 used malicious and excessive force against the plaintiff without adequate justification, harassed him, threatened him, denied him adequate medical attention, and deliberately caused him to fear for his physical safety and well-being.

16

**ANSWER:** Defendants deny the allegations contained in paragraph 66.

67. The conduct of the defendants was extreme and outrageous. The defendants either intended to inflict emotional distress on plaintiff when engaging in this conduct, or knew that there was a high probability that their conduct would cause emotional distress.

**ANSWER:** Defendants deny the allegations contained in paragraph 67.

68. The defendants' conduct caused the plaintiff to suffer severe emotional distress that no reasonable person could be expected to endure. As a result, the plaintiff has been injured.

**ANSWER:** Defendants deny the allegations contained in paragraph 68.

69. The defendants' conduct was willful, wanton, malicious and in reckless disregard of the plaintiff s rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 69.

## <u>COUNT VI</u>
**Section 1983 Monell Claim Against Cook County & Dart for Failure to Properly Instruct, Supervise, Prevent the Use of Excessive Force and Provide Adequate Health Care**

70. Plaintiff realleges and incorporates by reference paragraphs 1-69.

**ANSWER:** Defendants reassert their answers to paragraphs 1-69 as if fully restated herein.

71. The use of excessive force was also a result of the Dart's and Cook County's systematic failure to train, monitor, supervise, investigate and discipline Cook County Jail personnel, inadequate policies, and systematic failure to enforce those policies.

**ANSWER:** Defendants deny the allegations contained in paragraph 71.

72. The persistent and widespread use of excessive force by Cook County Jail personnel constitutes a custom and practice, of which defendant Dart have actual and constructive notice.

**ANSWER:** Defendants deny the allegations contained in paragraph 72.

73. Defendants Dart has been deliberately indifferent in failing to remedy the problem. Through their indifference and failure to act, Cook County and Sheriff's Office policymakers and officials have condoned and encouraged the continued use of excessive levels of force in the Cook County Jail.

**ANSWER:** Defendants deny the allegations contained in paragraph 73.

74. On information and belief, the defendants have a custom, policy, or practice, of failing to provide adequate medical care to detainees at the Cook County Jail, including the plaintiff. Defendant Dart, on information and belief, has actual and constructive notice of this custom, policy, or practice, and have been deliberately indifferent in failing to remedy the problem.

**ANSWER:** Defendants deny the allegations contained in paragraph 74.

75. Sheriff Dart officially sanctioned, approved or authorized the unconstitutional policies instituted by the Cook County Jail and Cermak Health Services, and were deliberately indifferent to the medical needs of inmates and detainees.

**ANSWER:** Defendants deny the allegations contained in paragraph 75.

76. Sheriff Dart, through various Officers and employees, and by way of their respective

policies, practices, and customs, have exhibited deliberate indifference toward the needs of detainees and inmates by failing to facilitate necessary medical treatment; said defendants have failed to supervise, train and hold accountable their respective agents and employees and act consistent with policies and procedures.

**ANSWER:** Defendants deny the allegations contained in paragraph 76.

77. At all times relevant herein, Sheriff Dart knew that his officers and employees failed to follow policies and procedures, including medical guidelines and procedures designed to protect injured detainees, and used unreasonable and unjustified force against detainees by deliberately refusing to provide medical attention, and condoned that practice.

**ANSWER:** Defendants deny the allegations contained in paragraph 77.

78. The actions of Sheriff Dart, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of Sheriff Dart.

**ANSWER:** Defendants deny the allegations contained in paragraph 78.

79. At all times material to this complaint, Cook County and Sheriff Dart, and their respective officers, agents, and deputies, and pursuant to its policies and practices, had interrelated de facto policies, practices, and customs which included, inter alia:

   a. failing to thoroughly investigate claims of excessive force and rarely punishing the guards responsible;

   b. failing to remove officers from assignments in which they come in contact with detainees while they are being investigated for serious charges such as the use of excessive force;

c.  a code of silence wherein officers, deputies, agents, and employees fail to intervene and remain silent, idly standing by and ensuring that use of such excessive force continues;

d.  failing to provide protection or incentives for employees who are witnesses to excessive force to cooperate with investigations by telling the truth about what they saw or to report instances of excessive force they learn about, and instead providing incentives for covering up excessive force;

e.  failing to provide reasonable, timely medical attention to detainees and inmates, and those jailed and/or accused;

f.  failing to properly train, supervise, discipline, transfer, monitor, counsel and/or otherwise control personnel such that they could identify detainee/inmate medical needs and act appropriately and humanely;

g.  a code of silence wherein officers, deputies, agents, and employees fail to intervene and remain silent, idly standing by and ensuring that such deliberate indifference to the medical needs of detainees and inmates continues.

**ANSWER:** Defendants deny the allegations contained in paragraph 79 and subparagraphs (a) through (g).

80.  Cook County and Sheriff Dart had a widespread practice or custom of denial and/or inordinate delay in providing medical treatment to inmates and pretrial detainees, which herein caused proximate harm to Hill.

**ANSWER:** Defendants deny the allegations contained in paragraph 80.

81. Defendants were deliberately indifferent to detainees with serious medical needs such as Hill.

**ANSWER:** Defendants deny the allegations contained in paragraph 81.

82. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and were separately and together a direct and proximate cause of the unconstitutional acts and the injuries suffered by Hill.

**ANSWER:** Defendants deny the allegations contained in paragraph 82.

## COUNT VII
### Statutory Indemnification (Against Cook County)

83. Plaintiff realleges and incorporates by reference paragraphs 1-82.

**ANSWER:** Defendant restate and reasserts it answers to paragraphs 1-82 as if fully restated herein.

84. Pursuant to 745 ILCS 10/9-102 and 55 ILCS 5/46-3 and 5-1106, defendant Cook County is empowered and directed to pay any tort judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as defendant Dart or his deputies acting within the scope of their employment, is found liable.

**ANSWER:** Defendant Cook County admits that it is a necessary party for purposes of indemnification only.

85. Defendant Cook County is liable for any judgment entered against any of the currently named or unnamed defendants that are employees at the Cook County Jail or Cermak Health Services for compensatory damages and for the associated attorneys' fees and costs.

**ANSWER:** Defendant Cook County admits that it is a necessary party for purposes of indemnification only.

### AFFIRMATIVE DEFENSES

NOW COMES Defendants, Sheriff Thomas Dart, Clarence Lacy, Assistant Executive Director ("AED") Daniel Moreci, Lieutenant Leon Marmol, Sergeants Matthew Cobble and James Holmes, and Officers Willie Lewis, Robert Bonakowski, Nicholas Bohlsen, Michael Contreras, Brian Toro, Peter Chico, Crystal Spivey, and Cook County, by their attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney Aaron R. Bond, and set forth the following affirmative defenses:

1. The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, Defendants are entitled to the defense of qualified immunity.

2. Defendants will rely on the affirmative defenses of self defense, defense of others and use of force in making an arrest.

3. Plaintiff seeks punitive damages in this action. Local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Therefore, Cook County is immune from having to pay punitive damages to plaintiff. An official capacity suit against an individual defendant is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007) Therefore, Sheriff Dart is immune from having to pay punitive damages to plaintiff.

4. Defendant Cook County, under the holding of *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. 1989), cannot be held vicariously liable. Defendant Cook County is a necessary party only for

purposes of indemnification under the holding of *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. Plaintiff fails to identify any unlawful custom, policy or practice of Defendants. Accordingly, Defendants cannot be found liable in their official capacity. *Monell v. Dept. of Social Services* 436 U.S. 658, 690 (1977).

6. At all times relevant in Plaintiff's Complaint, Defendants were local public entities as defined by the Local Governmental and Governmental Employee's Tort Immunity Act, hereinafter the Tort Immunity Act, 745 ILCS 10/1-101 et. seq., (1995 as amended) and as such can avail themselves of any and all immunities and defenses provided for therein.

7. Pursuant to 745 ILCS 10/2-202, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful or wanton conduct. As set forth above, the conduct of Defendants was at all times objectively reasonable and they are subsequently immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

8. Pursuant to 745 ILCS 10/2-204 a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. As set forth above, Defendants are immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

9. Pursuant to 745 ILCS 10/2-109 a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. As set forth above, Defendant Thomas Dart is immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

10. Pursuant to 745 ILCS 10/2-102 a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. In addition, no public official is liable to pay punitive damages or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly against him by the injured party or a third party. As set forth above, Defendants Thomas Dart and Cook County are immune from liability based on the protections enumerated above and as set forth in the Tort Immunity Act.

11. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

12. Defendants are immune from Plaintiff's pendent state law claims under the Sheriff's Act, 55 ILCS 5/3-6001 *et seq.*

## JURY DEMAND

Defendants respectfully request a trial by jury.


WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages, costs, injunctive relief or attorney's fees. Defendants pray that this Honorable Court

grant judgment in their favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    */s/Aaron R. Bond*_____
       Aaron R. Bond
       Assistant State's Attorney
       Richard J. Daley Center
       50 West Washington, Suite 500
       Chicago, Illinois 60602
       (312) 603-5153